**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DAVID C. TRAUB, et al

      Plaintiffs,

v.                                                                          No. 1:26-mc-00016-SMD

STARDUST839, INC., et al,

      Defendants.

**<u>ORDER TO CURE DEFICIENCIES</u>**

**THIS MATTER** is before the Court on Plaintiffs' motion for order for the private sale of real property.  Doc. 8.  For the reasons explained below, the Court **DENIES** the motion **WITHOUT PREJUDICE** and **ORDERS** Plaintiffs to refile after they cure its deficiencies.

**DISCUSSION**

Plaintiffs seek to enforce a mediated settlement, originating in the United States District Court for the District of Delaware, through the private sale of Judgment-Debtor Christopher H. Cooper's residential condominium, located in Santa Fe, New Mexico.  *Id.* at 1. On October 6, 2025, Plaintiffs recorded the judgment in Sante Fe County.  *Id.*  On March 5, 2026, the United States District Court for the District of New Mexico registered the Delaware District Court's certified judgment and domesticated the case in the District of New Mexico.  *Id.*  Plaintiffs now ask this Court to issue an order pursuant to 28 U.S.C. § 2001(b) for the sale of the subject property. *Id.* ¶ 1.  Section 2001(b) reads:

> After a hearing, of which notice to all interested parties shall be given by publication or otherwise as the court directs, the court may order the sale of such realty or interest or any part thereof at private sale for cash or other consideration and upon such terms and conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby. Before confirmation of any private sale, the court shall appoint three disinterested persons to appraise such property or different groups of three appraisers each to appraise properties of different classes

> or situated in different localities. No private sale shall be confirmed at a price less than two-thirds of the appraised value. Before confirmation of any private sale, the terms thereof shall be published in such newspaper or newspapers of general circulation as the court directs at least ten days before confirmation. The private sale shall not be confirmed if a bona fide offer is made, under conditions prescribed by the court, which guarantees at least a 10 per centum increase over the price offered in the private sale.

*Id.* Plaintiffs comply with almost all of the provision's requirements—they state that notice of the sale will be published in the Santa Fe New Mexican, ask for the Court's permission to retain an experienced realtor to secure the highest possible price, and intend to publish notice asking for any offer guaranteeing at least a 10% increase over the current accepted price. However, Plaintiffs do not address that the Court cannot confirm a private sale without first appointing "three disinterested persons to appraise such property." 28 U.S.C. § 2001(b).

The Court does not have discretion to waive the appraisal requirement. *United States v. Stonehill*, 83 F.3d 1156, 1161 (9th Cir. 1996) ("28 U.S.C. § 2001(b), requires that the court 'appoint three disinterested persons to appraise such property.'"); *Sec. & Exch. Comm'n v. Fujinaga*, No. 213CV1658, 2017 WL 4369467, at *2 (D. Nev. Oct. 2, 2017) ("[T]here is no exception to the requirement that the court must appoint "three disinterested persons to appraise" the property before a receiver's private sale of real property."); *see, e.g.*, *Huntington Nat'l Bank v. JS & P, L.L.C.*, No. 2:13-CV-13841, 2014 WL 4374355, at *3 (E.D. Mich. Sept. 4, 2014) ("The private sale of the Property cannot be confirmed because the receiver has obtained only one appraisal of the Property."). Though they do not say as much, Plaintiffs appear to be attempting to fulfill the appraisal obligation through online property marketplaces. They "respectfully request the Court's adoption here of the median appraisal values based on comparable properties as published by Zillow, Redfin, and Realtor.com." Doc. 8 at 5 n.6. They also attached printouts of the subject property's estimated value on each website to their counsel's declaration. *See* Doc. 9,

Ex. 4. The declaration represents that these documents "are true and correct copies of the published appraisal values of the 1043 Don Diego Avenue, Unit E, Santa Fe, New Mexico, condominium by Zillow, Redfin, and Realtor.com, detailing the property description assessing the market value of the property based on area comparable property."  Doc. 9 ¶ 9.

None of these websites generate appraisals (nor are they "persons").  *See* 28 U.S.C. § 2001(b).  Zillow creates a "Zestimate" which is an "estimate of a home's market value" that "provides a transparent, free starting point."  Zillow, *What is a Zestimate?*, https://perma.cc/NG9F-STRV.  "It is not an appraisal and can't be used in place of an appraisal." *Id.*  In parallel, the Redfin Estimate "is just a starting point—it is not an appraisal."  Redfin, *About the Redfin Estimate*, https://perma.cc/QAL8-8WVS.  And, again, Realtor.com offers RealEstimates, which "are estimates and not formal appraisals."  Realtor.com, *RealEstimate Home Valuation Information*, https://perma.cc/5H3T-9ECM.  The Court cannot use these estimated values as a substitute for formal appraisals and finds that Plaintiffs have not met the requirements of § 2001(b).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' motion, Doc. 8, is DENIED.  The Court further **ORDERS** Plaintiffs to submit a list of three appraisers to the Court no later than **June 16, 2026**.  Plaintiffs' filing should state whether they have been able to speak with Defendants regarding the issue of appraisers and, if so, whether Defendants agree to or object to their proffered appraisers.

**IT IS SO ORDERED.**

_____
**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**

3