**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DAVID C. TRAUB, RICHARD O.
CABAEL, WILLIAM R. SOTKA, ERN
ANDREW GREGORIO, GLORIA
GISELDA N. ARROYO, WINELDA C.
YCOY, SIMON U. CABAEL, and
CHRISTOPHER R. ASIS,

     Plaintiffs,

v.                                                                                          No. 1:26-mc-00016-SMD

STARDUST389, INC., AIRLOCK389,
INC., CHRISTOPHER H. COOPER and
PATRICIA ANN BELLASALMA,

     Defendants.

**ORDER APPOINTING APPRAISERS AND
AUTHORIZING NOTICE OF PROPOSED SALE**

**THIS MATTER** is before the Court upon judgment-creditor Plaintiffs' Amended Motion

for the proposed sale of real property, pursuant to 28 U.S.C. § 2001(b) (Doc. 12), and personal

property, pursuant to 28 U.S.C. § 2004.    Having reviewed and considered the pleadings, all

relevant evidence and the applicable law, the Court **GRANTS** judgment-creditor Plaintiffs'

motion.

**BACKGROUND**

On July 2, 2025, the United States District Court for the District of Delaware issued an

Order and Judgment, enforcing the parties' Mediated Settlement, in the principal amount of

$1,250,000 plus fees, together with interest at a rate of 9.5% per annum.  Doc. 13, Ex. 3.

On October 6, 2025, Plaintiffs had this judgment recorded in Santa Fe County, New

Mexico.  On March 5, 2026, the United States District Court for the District of New Mexico

registered the certified judgment of the U.S. District Court of Delaware, domesticating this civil

judgment as civil case no. 1:26-mc-00016 in Albuquerque for the United States District Court for

the District of New Mexico. *See* Doc. 1. This judgment has not been paid and Plaintiffs now seek

the Court's approval of the private sale of judgment-debtor Christopher Cooper's real property

under 28 U.S.C. § 2001(b). That provision empowers courts to conduct private sales of property

subject to the following requirements:

> After a hearing, of which notice to all interested parties shall be given by publication or otherwise as the court directs, the court may order the sale of such realty or interest or any part thereof at private sale for cash or other consideration and upon such terms and conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby. Before confirmation of any private sale, the court shall appoint three disinterested persons to appraise such property or different groups of three appraisers each to appraise properties of different classes or situated in different localities. No private sale shall be confirmed at a price less than two-thirds of the appraised value. Before confirmation of any private sale, the terms thereof shall be published in such newspaper or newspapers of general circulation as the court directs at least ten days before confirmation. The private sale shall not be confirmed if a bona fide offer is made, under conditions prescribed by the court, which guarantees at least a 10 per centum increase over the price offered in the private sale.

28 U.S.C. § 2001(b). Plaintiffs first filed a motion for a proposed sale on June 2, 2026. *See* Doc. 8.

Upon review of that motion, the Court determined that Plaintiffs had not submitted three

disinterested persons for the Court to appoint as appraisers and that the motion was therefore

statutorily deficient. 28 U.S.C. § 2001(b) ("Before confirmation of any private sale, the court shall

appoint three disinterested persons to appraise such property[.]"). The Court ordered Plaintiffs to

amend the motion and refile with a list of three appraisers. Plaintiffs filed their amended motion

on June 16, 2026. Although Plaintiffs posit that their interests in the sale will "achiev[e] a *true*

maximum value" thus "rendering appraisals irrelevant" (except to "bleed[] over $2,000 additional

costs from the equity available toward satisfaction") they concede that § 2001(b)'s appraisal

requirement is absolute. Doc. 12 ¶¶ 4–5; *see United States v. Stonehill*, 83 F.3d 1156, 1161 (9th

Cir. 1996); *Meritage Homeowners' Ass'n v. Bank of N.Y. Mellon*, No. 6:16-cv-00300, 2023 U.S.

Dist. LEXIS 212082, at *10 (D. Or. Nov. 29, 2023) ("[T]he procedures spelled out in § 2001 are mandatory, however cumbersome they may be."). Plaintiffs accordingly submitted a list of three proposed appraisals to the Court.

The Court further notes that Plaintiffs' counsel caused Notice to be given of this Motion by publication in The Santa Fe New Mexican, and in addition, courtesy notice has been given electronically consistent with the parties standing stipulation as set forth in the accompanying Certificate of Service, to all counsel and interested parties. *See* Doc. 14. However, Plaintiffs put forth that this publication suffices for § 2001(b)'s mandate that all interested parties receive notice of "the hearing." *See* Doc. 12 ¶ 2. That assertion is incorrect. As will be discussed below, Plaintiffs must provide notice of the confirmation hearing, which has not yet been set, through a newspaper of general circulations.

**PROCEDURAL POSTURE**

The amount now due and owing as of June 30, 2026, is $1,371,099.32 (not including post-judgment costs), accruing interest daily of $325.34246 (=$1,250,000 x 0.095 ÷ 365). *See* Doc. 13, Ex. 5.

Judgment-debtor Christopher H. Cooper ("Mr. Cooper") owns New Mexico investment/income property reasonably valued at over half a million dollars—an unoccupied residential condominium located in Santa Fe (the "Property"), in which he neither resides nor claims a homeowner's exemption.[1] Following the July 2, 2025 entry of judgment against him, Mr. Cooper had the Santa Fe condominium property listed for sale on the NMLS, on July 8, 2025, at $650,000. No counsel has entered an appearance on behalf of Mr. Cooper at this point. Plaintiffs represent that they have been unable to reach Mr. Cooper regarding this motion. Doc. 12 at 6.

---

[1] The relevant property is located at 1043 Don Diego Avenue, Unit E, Santa Fe, NM 87505. *See* Doc. 13, Ex. 2.

3

As of this date, the Property apparently remains unoccupied (apart from short-term vacation rentals) and unencumbered by any recorded mortgage, with no other recorded debt or lien against the Property, nor (to Plaintiffs' counsel's knowledge) against the judgment-debtor personally.  The Property has neither been transferred nor sold to any third party, nor is it currently in escrow pending sale.  Plaintiffs' counsel reports that Mr. Cooper has refused Plaintiffs' counsel's invitation to cooperate with voluntarily transferring title and ownership of this Property through sale at market value to a third party with the proceeds after costs, taxes and realtor fees payable in escrow for the sole benefit of the judgment-creditors.

As the United States District Court for the District of New Mexico registered the certified judgment of the United States District Court of Delaware, on March 5, 2026, (Doc. 1), this Court has jurisdiction over the judgment debtor's real property assets located here in New Mexico.

**WHEREFORE,** the Court hereby issues this Order, pursuant to 28 U.S.C. § 2001(b) and § 2004, for the sale of this judgment-debtor Defendant Christopher H. Cooper's non-exempt property of forthwith**.**

## LEGAL STANDARD

28 U.S.C. § 2001(b) authorizes that "any party to this proceeding or any person claiming an interest in the subject real Property may move the Court for an Order for a private sale of the real property."  *United States v. Nguyen*, Case No. CV 10-544-GHK, 2011 U.S. Dist. LEXIS 27921, at *6-7 (C.D. Cal. Feb. 9, 2011).  It is the duty of the federal to exercise its judicial discretion "to secure for the owners the largest price consistent with a just regard for rights of bidder." *Morrison v. Burnette*, 154 F. 617, 624 (8th Cir. 1907).  28 U.S.C. § 2004 states that "[a]ny personalty sold under any order or decree of any court of the United States shall be sold in accordance with section 2001 of this title, unless the court orders otherwise."

**DISCUSSION**

Pursuant to the Judgment, domesticated here in the U.S. District Court for the District of New Mexico on March 5, 2026, the Court finds that Judgment-Creditor Plaintiffs are entitled to issuance of an Order of Sale of this subject property located in Santa Fe, New Mexico: APN # 018900606, 1043 E Don Diego Ave #e Santa Fe NM 87505.

I.      APPOINTMENT OF APPRAISERS

Section 2001(b) instructs that a court cannot confirm a private sale of real property without assigning "three disinterested persons to appraise such property."   Having reviewed the qualifications of the certified appraisers proposed in judgment creditors' counsel's declaration, the Court hereby appoints the following three certified appraisers to appraise the residential property located in Santa Fe, New Mexico, APN # 018900606, 1043 E Don Diego Ave #e Santa Fe NM 87505, the subject property, and to provide a report to Plaintiffs' counsel (for submission to the Court upon subsequent application for confirmation of sale hereafter), as soon as possible within 30 days of the date of this Order:

| Barry Hunnicutt | Diane Ridgeway | Anika Amon |
|---|---|---|
| N.M. Certified Appraiser | N.M. Certified Appraiser | N.M. Certified Appraiser |
| License No. 695-R | License No. 02553-R | License No. 03305-R |
| P.O. Box 22204 | P.O. Box 22034 | Amon Appraisals, LLC |
| Santa Fe, NM 87502 | Santa Fe, NM 85702 | 2114 Calle Tecolote |
| | | Santa Fe, NM 8750 |

To facilitate the Court's duty to secure for the parties the highest purchase price consistent with the true market value of the property "in the best interests of the estate," the Court hereby authorizes counsel on behalf of the judgment-creditor Plaintiffs to retain the services of experienced realtor Maya Hiersoux to maximize the sale price thereof, and/or realtors of comparable competence, to further market and manage the sale of this Property,  for the mutual benefit of all judgment-debtors and judgment-creditors alike.

II.    SALE OF PERSONAL PROPERTY

Regarding the personal property located on the premises of the subject property, Plaintiffs ask to retain the services of Kathryn Grace of Estate Sales with Grace to facilitate the sale and disposition of all such property.  Plaintiffs do not propose any substantive procedures regarding how that sale will be conducted.

28 U.S.C. § 2004 instructs that "[a]ny personalty sold under any order or decree of any court of the United States shall be sold in accordance with section 2001 of this title, unless the court orders otherwise."  Although § 2004 grants courts broader discretion than § 2001(b) in managing the sale of personal property than real property, § 2001's are requirements still a "preferential course" that courts should ordinarily follow in personal property sales "except under extraordinary circumstances."  *Tanzer v. Huffines*, 412 F.2d 221, 222 (3d Cir. 1969). Though the Court will not impose the appraisal requirement on the sale of personal property, it will order that Plaintiffs give notice of the sale and submit the proposed disbursement of the proceeds for confirmation by the Court.  The Court authorizes the following:

1. The appropriate disposal of all personal property present on the premises of the subject property.  This process shall apply strictly to personal property owned by the judgment-debtor.  All items belonging to joint tenants or third parties are expressly exclude;.

2. Judgment-creditor Plaintiffs' counsel may retain the services of Estate Sales with Grace to conduct the sale of real property;

3. Judgment-creditor Plaintiffs' counsel shall publish notice of any estate sale, auction, or other sale in a newspaper of general circulation to maximize the number of interested bidders.  Judgment-creditor Plaintiffs' counsel shall also ensure that all interested parties receive notice of the sale, either through publication or otherwise;

6

4. After deduction of reasonable costs and expenses associated with conducting the sale, the remaining proceeds will be held in the attorney-client trust account of judgment-creditor counsel Timothy P. Rumberger pending final approval of the Court. *See, e.g.*, *Stansell v. Revolutionary Armed Forces of Colombia*, 45 F.4th 1340, 1361 (11th Cir. 2022) (explaining that assets recovered under 28 U.S.C. § 1610 were held in the plaintiffs' attorneys trust account pending appellate stay).

5. The remaining proceeds shall not be distributed prior to a confirmation hearing, where the Court will review the sale and distribution of all real and personal property.

To the extent that any of the contents of the premises is not disposed of by Estate Sales with Grace as authorized herein, should any person who fails or refuses to remove his or her personal property by the time specified herein, the personal property remaining on the Property will be deemed abandoned, and the Marshal and his or her deputies are authorized to remove and dispose of it as they see fit, including sale, in which case the proceeds of sale are to be applied first to the expenses of sale and the balance to be paid into the attorney-client trust account of judgment creditor Plaintiffs' counsel Timothy P. Rumberger for further distribution, subject to this Court's approval.

The Court further authorizes counsel on behalf of the judgment-creditor Plaintiffs to have and permit their agents to have free access to the Property[2] and to take all actions necessary to

---

[2] The property's description on Redfin is as follows: "This Condo is located in the center of South Capital across the street from Body and Clafoutis! Walk to everything, Trader Joes, Trove, Maria's, or Whole Foods! This large, open and comfortable condo features Santa Fe detailing like beams and kiva fireplace. It has 3 large bedrooms and 2 baths. This lovely property can be used as one large home, or two separate rentals for residential or professional office space. Newly upgraded kitchen with clean lines and bright, sunny interior, new carpet and boxcar tile, insulated acoustic wall for privacy, tiled baths, built in bookshelves,cozy courtyard, fenced and with plenty of parking, The perfect Pied de Tierre in a fantastic location in Santa Fe! Currently a Vacation Rental. Will supply income upon request. Short term rentals are permitted and one does not need a short-term rental permit from the City. Just a simple registration due to zoning.  Short term one side and long term the other and this property will generate great income. Or live in one side and run your business from the other." Redfin, https://www.redfin.com/NM/Santa-Fe/1043-W-

preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until the deed to the Property is delivered to the ultimate purchaser.

III.   TERMS AND CONDITIONS FOR SALE OF REAL PROPERTY

Section 2001(b) requires that a court may order the sale of real property "upon such terms and conditions as the court approves." The Court hereby approves of the Sale of this real property parcel on the following terms and conditions of the sale:

1. The sale of the Property shall be free and clear of any unrecorded interests of judgment-debtor Christopher H. Cooper and Gabrielle Jenny Cooper, currently holding title since February 2019 in joint tenancy with right of survivorship;

2. The sale of the Property shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, easements and restrictions of record, if any;

3. The Property shall be listed on the NMLS by the real estate agent retained by Plaintiffs' counsel on behalf of the judgment-creditors, and marketed to maximize the sale price, including open house showings of the Property's premises;

4. Consistent with 28 U.S.C. § 2001 (b), the minimum acceptable offer shall be no less than two-thirds of the median appraised value for the Property;[3]

---

Don-Diego-Ave-87505/unit-E/home/137892603?msockid=1f4e0d8467d06bc1131b1afd661e6ae3 (last visited June 17, 2026).

[3] Plaintiffs ask for the Court's permission to sell the property at less than two-thirds of the median appraised value "in such case that the minimum bid is not met or exceeded." Doc. 12 ¶ d. In that scenario, Plaintiffs would like to "reduce the NMLS listing price for sale of the Property as is, if necessary, and reduce the minimum acceptable offer." *Id.*

The Court denies this request. Section 2001(b) is unequivocal that "[n]o sale shall be confirmed at a price less than two-thirds of the appraised value." When a statute's text is "plain and unambiguous" courts "must apply the statute according to its terms." *Carcieri v. Salazar*, 555 U.S. 379, 387 (2009). Thus, the Court will not, and cannot,

5. The purchaser(s) of the accepted offer shall be required to deposit, within three days of notice of the accepted offer, with a title company authorized by the judgment-creditors' counsel or their real estate agent, a minimum of ten percent of the accepted purchase price for the Property, with the deposit to be made by certified or cashier's check or cash payable as directed by said counsel. Before acceptance of the offer may be communicated by the sellers' agent, the prospective buyer or his/her representative must present proof that they are able to comply with this requirement with a pre-approval letter from a recognized lender, or current bank statements evidencing sufficient funds available to complete the transaction. No offer may be accepted from any buyers who have not presented proof that, if their offer is accepted, they can make the deposit required by this order of sale.

The proceeds arising from sale of the Property are to be retained by the escrow agent until paid into the state-bar regulated attorney-client trust account of lead counsel for the judgment-creditor Plaintiffs, Timothy P. Rumberger, and, following the Court's approval of the sale, applied as far as sufficient to the following items, in the order specified:

1. To the real estate agents and realtors for commissions not to exceed 5% of the accepted sale price;

2. To all taxes unpaid and matured that may be deemed by the escrow agent to be deemed owed, including the County for unpaid real property taxes on the property, if any;

---

disregard § 2001(b)'s obvious command. The Court therefore affirms that the property must be sold at a minimum of two-thirds the median appraised value. *See Stonehill*, 83 F.3d 1156, 1162 (9th Cir. 1996) ("By statute, the court *must not* approve a sale of property pursuant to a tax lien for less than two-thirds of the fair market value." (emphasis added)); *Redus Fla. Com., LLC v. Coll. Station Retail Ctr., LLC*, 777 F.3d 1187, 1186 n.16 (11th Cir. 2014) ("Courts have no power to confirm a private sale at a price 'less than two-thirds of the appraised value'")

3. To Counsel for the judgment-creditor Plaintiffs to be distributed consistent with the mutual agreements between counsel and amongst the Plaintiffs, up to the amount of the judgment, plus all interest and penalties due and owing thereon;

4. In the unlikely event that any balance from the sale proceeds remains after the above payments, such funds shall be distributed by the escrow agent to the title-holders heretofore, judgment debtor Christopher H. Cooper and Gabrielle Jenny Cooper, unless otherwise ordered by this Court.

IV.     NOTICE OF PROPOSED SALE TO ENSURE MAXIMUM PURCHASE PRICE

Consistent with 28 U.S.C. § 2001(b), upon receipt into escrow of a minimum down payment of 10% of the conditionally accepted sale price, Plaintiffs' counsel shall file notice of the proposed sale with the Court. The Court will then set a date for a final confirmation hearing, which shall occur no less than 10 days after Plaintiffs file notice. *See* 28 U.S.C. § 2001(b) (stating that a court "may order the sale" of real property "[a]fter a hearing, of which notice to all interested parties shall be given by publication"). Plaintiffs' counsel shall then cause Notice to be published of the Property's pending sale, the conditionally accepted purchase price, and the date and location of the confirmation hearing, in The Santa Fe New Mexican for 10 days, inviting any bona fide offers in excess of 10% above the current accepted price.

In the absence of any bona fide offer in excess of 10% of the pending purchase transaction (or in the event of receipt of a superseding bona fide purchase offer and minimum down payment) Plaintiffs' counsel shall thereupon apply to this Court for confirmation of the sale, by affidavit or declaration of counsel, supported by authenticated exhibits evidencing the accepted sale's contract by a qualified purchaser, an estimated closing statement by the escrow agent together with

allocations for fees, taxes, commissions, costs and proceed balance to be paid into the Judgment Creditors' counsel's attorney-client trust account.

V.      CONFIRMATION OF SALE BY THE COURT

At the confirmation hearing, the Court will review counsels' application to this Court and consider all relevant evidence submitted. If the Court finds that confirmation is warranted,[4] the balance of the ultimate purchase price for the Property shall be delivered to the escrow agent retained for this transaction (no less than thirty days after the date the offer is accepted), by cashier's check, certified funds, or by wire from a qualified lender.

If the buyer fails to timely fulfill this requirement, the deposit shall be forfeited[5] and shall be applied to cover the expenses of the sale, including commissions due, with any amount remaining to be applied to judgment debtor's liability owed the judgment-creditor Plaintiffs at issue herein. The realty shall be again offered for sale under the terms and conditions of this order of sale. The judgment-creditor Plaintiffs may bid as a credit against its judgment without tender of cash; and

Upon fulfillment of the purchase agreement following prior confirmation by this Court on *ex parte* application, the escrow agent shall execute and deliver a quit claim deed pursuant to this Court's Order conveying the Property to the purchaser.

---

[4] *Breeding Motor Freight Lines, Inc. v. Reconstruction Finance Corp.,* 172 F.2d 416, 421–22 (10th Cir.), *cert. denied*, 338 U.S. 814 (1949) ("[T]he court is vested with a reasonable measure of judicial discretion in determining whether a sale of property made by the special master shall be confirmed or a resale ordered, and that the exercise of that discretion in confirming a sale will not be disturbed on appeal except in case of abuse Federal court has measure of discretion in determining whether sale of property by special master should be confirmed or reordered that will not be disturbed on appeal in absence of abuse.").

[5] *United States v. Branch Coal Corp.*, 390 F.2d 7 (3d Cir. 1968), *cert. denied*, 391 U.S. 966 (1968) (finding that the district court acted within its discretion under 28 U.S.C. § 2001(a) "when it declared that successful bidder at judicial sale would forfeit his deposit if he should fail to complete sale.").

11

Upon recordation of the deed, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this action to the extent of the proceeds of the sale after all transaction costs, expenses, fees and commissions have been paid, are discharged and extinguished, reducing the amount of the outstanding judgment by the equity balance available and paid to the Judgment Creditor Plaintiffs from the sale proceeds;

The sale of the Property shall be made without right of redemption.[6]

VI.    PRESERVATION OF THE STATUS QUO PENDING SALE

The Court hereby Orders that, until the Property is sold, judgment-debtor Defendant Christopher H. Cooper shall be liable to the judgment-creditor Plaintiffs for all costs and expenses necessary which are hereby authorized, to preserve the property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the property; that they shall neither commit waste against the property nor cause or permit anyone else to do so.; and that they shall neither do anything that tends to reduce the value or marketability of the property nor cause or permit anyone else to do so. [7]

The judgment-debtor Defendant Christopher H. Cooper is hereby constrained by this Order from recording any instruments, publishing any notice, or taking any other action (such as running

---

[6] "The sale of the Subject Real Property is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption." *Nguyen*, 2011 U.S. Dist. LEXIS 27921, at *11.

[7] "Until the Property is sold, defendant Nguyen shall take all reasonable steps necessary to preserve the Subject Real Property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Subject Real Property. She shall neither commit waste against the Subject Real Property nor cause or permit anyone else to do so. She shall neither do anything that tends to reduce the value or marketability of the Subject Real Property nor cause or permit anyone else to do so. She shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Subject Real Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall she cause or permit anyone else to do so." *Nguyen*, 2011 U.S. Dist. LEXIS 27921, at *11-12.

12

newspaper advertisements or posting signs) that may tend to adversely affect the value of the Property or that may tend to deter or discourage potential purchasers from making an acceptable offer, nor shall they cause or permit anyone else to do so.

Any person occupying the Property shall leave and vacate the Property permanently within 30 days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property). If any person fails or refuses to leave and vacate the Property by the time specified in this Order, the U.S. Marshal and his or her deputies are authorized and directed to take all actions that are reasonably necessary to bring about the ejectment of those persons.

**IT IS SO ORDERED.**

_____
**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**